## Commonwealth v. Zuback

*Frederick D. Lingle, District Attorney,* for Commonwealth.
*Merritt E. McKnight,* for defendant.

BROWN, *P.J.,* June 24, 1980—The facts relative to the issue now before the court are somewhat simple. On February 10, 1980 defendant's vehicle was stopped by Trooper Dennis Johnson of the Pennsylvania State Police for a motor vehicle violation. At the time of the stop Trooper Johnson observed a shotgun in defendant's vehicle having a barrel approximately 18 inches in length. Several days later, subsequent interviews with defendant produced a statement from him to the effect that he had purchased the shotgun at a particular establishment and had, thereafter, sawed the barrel off from its original length. On February 26, 1980 a summons was issued against defendant charging him with a violation of section 908 of the Crimes Code, 18 Pa.C.S.A. §908, which prohibits among other things the possession of any offensive weapon. At the time defendant was stopped he was

in possession of a license to possess a firearm issued by the Sheriff of Clinton County pursuant to section 6109 of the Crimes Code.

In support of his motion to quash the information, it is defendant's position that his license to carry a firearm issued under section 6109 of the Crimes Code amounts to a general license to carry a firearm and that pursuant to section 6102 of the Crimes Code, the definition of a firearm includes "any shotgun with a barrel less than 24 inches. . . ." Since the shotgun in this case has a barrel length of 18 inches, defendant contends that it is a "firearm" within the purview of section 6102 and that his possession of it is lawful because of his general license to carry a firearm issued under section 6109.

There appears to be no appellate authority precisely on point on this issue and the situation before the court is considered to be a novel one. On the one hand, there is a clear prohibition against carrying a sawed-off shotgun under the terms of section 908 of the Crimes Code, while on the other hand, there is also an apparent clear right to carry a shotgun with a barrel less than 24 inches if a general license to carry a firearm has been secured under section 6109 of the Crimes Code. These apparently conflicting statutes were enacted by the legislature at the same time in its enactment of the current Crimes Code on December 6, 1972.

Whether sections 908 and 6109 are in conflict depends upon an analysis of the concepts of a sawed-off shotgun and a shotgun with a barrel of less than 24 inches. The legislature has not defined what a sawed-off shotgun is in terms of barrel length; however, it would be a relatively safe assumption that most if not all sawed-off shotguns

712

have a barrel length of less than 24 inches. Thus the court must conclude that the weapon in the present case is a firearm under section 6102.

Some thought has been given to the prospect that the legislature in enacting sections 6102 and 6109 was only trying to legitimatize shotguns of less than 24 inches which were originally manufactured that way and to exclude from the statute shotguns which were shortened after manufacture by their owners. However, there is no language in the statute allowing for such an interpretation. In any event, the lethal nature of such a shortened weapon would not be enhanced simply because its length was diminished by the owner rather than by the manufacturer. Thus, it does not seem likely that the legislature intended to limit section 6102 to barrel lengths of original manufacture. The more likely situation would be that the respective sections were enacted with an unawareness by the legislature of their apparent inconsistency.

The statutory construction provisions of the Pennsylvania Consolidated Statutes Act, 1 Pa.C.S.A. §101 et seq., have also been considered. In this regard section 1933 provides:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."

Under section 1933 we have the rule that a particular statutory provision controls a conflicting general statutory provision. Thus if section 908 is a specific statute and sections 6102 and 6109 are general, then the provisions of the former would prevail. The difficulty with this conclusion begins with an inability to conclude that any of the statutes are specific or general as they relate to each other. Section 908 prohibits the possession of certain types of weapons, while sections 6102 and 6109 permit the licensed possession of certain types of firearms. In this context it would be nothing more than arbitrary speculation to determine that one law was more specific than the other.

Since the legislature has a valid interest in prohibiting the possession of sawed-off shotguns because of their easy concealment and high potential for criminal devastation, the court is reluctant not to give effect to section 908. However, since the legislature has also permitted the licensure of such a weapon under section 6109, the court is unable to permit the prosecution of a defendant who possesses such a license. If such a result is not intended by the legislature, then it is up to the legislature to take some remedial action with regard to the conflicting statutes.

## ORDER

And now, June 24, 1980, based upon the foregoing memorandum, it is hereby ordered that the within information be quashed and that defendant be discharged from these proceedings.